**JAMES McKNIGHT v. ENOCH WELSH, Garnishee of William Ellison for Attachment.**

**THOMAS MENDENHALL, Indorsee of William Ellison, v. ENOCH WELSH.**

Supreme Court. New Castle. October, 1797.

*Bayard's Notebook, 217.*

*Read, Rodney* and *Bayard* for plaintiff in attachment. Promissory notes in England, by the virtue of 3 & 4 Anne [c. 8, 1704], stand upon the same footing with inland bills of exchange. But as this Statute does not extend to this country, they can be indorsed only by virtue of the Act of Assembly, 1 Body Laws [87]. And they are by that Act placed on the same footing with bonds. In [1] Dall. 23 it has been ruled that the assignee of a bond can recover no more from the obligor than is due when the obligor has notice of the assignment. In the principal case Welsh had no notice of the indorsement till after the attachment and after he had bound himself by his promise to pay the money to the plaintiff in attachment. Suppose Welsh, upon the attachment being served, had paid the money to the sheriff, having no notice of the indorsement. Could he have been obliged to pay it a second time by the indorsee? And as Welsh was compellable to pay the money on the attachment, a payment without compulsion would have been good.

*Vandyke* and *Miller* for indorsee. McKnight, the plaintiff in attachment, who is a creditor of William Ellison, could not, at the time of the attachment served, have a better right to the money contained in the notes than at the time belonged to Ellison, the defendant in the attachment, because the exigence of the writ was to attach the rights and credits etc. of Ellison, and if Ellison had no right to the notes when the attachment was served, or when it issued, there was certainly nothing to attach. The money, at the time, belonged to Mendenhall and could not be made liable to pay Ellison's debts. Under the Act of Assembly the notes were indorsable, and upon the indorsement the property passed to the indorsee, and it is expressly provided that after the date of the indorsement the indorser shall not be able to release or discharge the debt. In 3 Bac.Abr. 608 it is said the drawer of a note is to take notice of indorsement at his peril, and it was at all events sufficient in this case that the maker of the notes had notice of the indorsement before the notes were due, and before he was liable to be compelled to pay the money. If there had been trial and condemnation before notice, the priority of indorsement might not have availed, but here the garnishee had notice

in time to protect himself by plea and had a complete defense upon *nulla bona*. The promise of Welsh was by mistake and not binding, but, whether or not, it cannot affect the right of the indorsee.

PER CURIAM. The plaintiff in attachment has elected under the Act of Assembly [1 Del.Laws 463] that the garnishee should plead. The action by the indorsee upon the notes and the attachment were both brought to the same term, November, 1796. The general question is whether McKnight or Mendenhall is entitled to the money contained in the notes. If McKnight is not entitled, Mendenhall certainly is.

It is said by McKnight's counsel that the debt, in regard to the notes, is to be considered as discharged, because the promise of the garnishee has created a new debt to McKnight. But if this promise were rashly or improvidently made by the garnishee, it cannot affect the right of the indorsee. If a garnishee acts unadvisedly, he takes the consequences upon himself.

A garnishee is protected only when he acts pursuant to the directions of the Act of Assembly, and therefore, before condemnation in the attachment, he has no right to pay a debt, and if he promise to pay before condemnation, whether the promise bind him or not, it cannot affect a third person claiming as the indorsee in the present case. But if the promise were made by mistake, it would not seem that it would bind the garnishee. At the time when the garnishee had notice, and even on record by the suit of the indorsee, it is clear from the provisions of the attachment law that he could not rightfully pay the money, and the only question which can remain is whether notice to a garnishee, before he has a right to pay money, is not a sufficient notice. The Act of Assembly which makes notes indorsable provides that after the date of the indorsement the indorser shall not be able to release or discharge the debt. Notice is not directed by the Act; but where from the nature of the case notice is necessary for the security of the maker of the note, and due diligence or circumspection would not protect him without notice, we clearly conceive that notice would be indispensably necessary to charge him a second time. In common cases a payment by an obligor or the drawer of a note is not good after assignment, though he has no notice; because when he makes his payment it is his duty before he pays to see the bond or note and thereby know that it is still in the hands of the person to whom he gave it. And upon a similar principle, as to payments actually made, they are good against the assignee or indorsee without notice, because he should examine whether payments were made. And even as to pay-

ments and discounts not indorsed, if made or existing before the property is changed, they bind the indorsee, because even as to them he may inquire of the obligor or maker of the note, and, of course, by due diligence may avoid any risk. But if the obligor will pay or trust, or the assignee will accept of assignment without due inquiry and circumspection, in either case, they act at their peril and cannot complain of the consequences.

If, however, as in the present case, a debt were attached after assignment, [and] the assignee, from any cause, should omit to give notice to the garnishee so as to enable him in the regular course of proceedings to defend himself, in [that] [1] event he should be compellable to pay the money to the plaintiff in attachment. Justice would require, and the principles of law would warrant, us in saying that the recovery in attachment would be a bar to the suit of the assignee. But the doctrine which we have held puts an end to the present case. The garnishee had notice before he had a right to pay, and before he had pleaded. In relation to the plaintiffs, no question can arise, and in regard to the garnishee it cannot be allowed him to complain in a case where ordinary care was sufficient for his security.

There was a verdict for the plaintiff, Mendenhall, indorsee etc., and against McKnight, the plaintiff in the attachment.

---

[1] Manuscript reads "and in the event" instead of "in that event."

